### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT W. HENNEMAN** and **MARY LOU HENNEMAN,** | : **CIVIL ACTION NO. 4:12-CV-0740** |
| | : |
| | : **(Judge Conner)** |
| **Plaintiffs,** | : |
| | : |
| **v.** | : |
| | : |
| **ZIMMER HOLDINGS, INC.** and **ZIMMER, INC.** | : |
| | : |

### ORDER

AND NOW, this 11th day of July, 2012, upon consideration of the motion to dismiss (Doc. 8) filed by defendants Zimmer Holdings, Inc. and Zimmer, Inc., wherein defendants move to dismiss Counts II and III of the Complaint (Doc. 1-1) and limit Count IV of the Complaint filed by Robert W. Henneman and Mary Lou Henneman, and it appearing that plaintiffs assert a cause of action for strict liability in Count II, breach of implied and/or express warranties in Count III, and loss of consortium in Count IV stemming from the allegedly defective Zimmer Rotating Hinge Total Condylar Knee medical device, which was manufactured, distributed and sold by the defendants, and the court noting that Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted, see FED. R. CIV. P. 12(b)(6), and the court finding that, under Pennsylvania law plaintiffs may not assert strict liability and implied warranty causes of actions against a manufacturer of medical devices, see Creazzo v. Medtronic, Inc., 903 A.2d 24, 31 (Pa. Super. Ct. 2006); Kester v. Zimmer Holdings, Inc., No. 2:10-cv-00523, 2010 WL 2696467, at *9, 11 (W.D. Pa. 2010); see

also Parkinson v. Guidant Corp., 315 F. Supp. 2d 741, 747, 752-53 (W.D. Pa. 2004), and the court noting that a loss of consortium claim is a derivative claim, see Scattaregia v. Shin Shen Wu, 495 A.2d 552, 553 (Pa. Super. Ct. 1985); Murray v. Commercial Union Ins. Co., 782 F.2d 432, 438 (3d Cir. 1986), and should therefore be dismissed to the extent the direct causes of action are dismissed, and upon further consideration of plaintiffs' response (Doc. 20) to defendants' motion to dismiss, wherein plaintiffs concede that under current Pennsylvania law defendants are correct with regard to Counts II, III and limiting Count IV, it is hereby ORDERED that:

1. The motion to dismiss (Doc. 8) Counts II and III and limit Count IV is GRANTED.

2. The consortium claim in Count IV of the Complaint (Doc. 1-1) shall be limited to the claims arising out of Count I of the Complaint.


    S/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge